**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Steven A. Brown, | ) |
| | ) C/A No.: 1:23-cv-1637 |
| 11000 Richmond Avenue, Suite 600 | ) |
| Houston, Texas 77042 | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| U.S. Citizenship and Immigration Services, | ) |
| | ) |
| Office of the Chief Counsel | ) |
| 5900 Capital Gateway Drive | ) |
| Mail Stop 2120 | ) |
| Camp Springs, MD 20588-0009 | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## COMPLAINT

Plaintiff Steven Brown brings this action under the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552 to compel Defendant United States Citizenship and Immigration Service

("USCIS") to timely comply with a FOIA request. On March 21, 2023, the Plaintiff sought

records from USCIS related to delays the FY 2024 H-1B lottery, documentation that the

Defendant has in its possession and should be easy to produce. Unfortunately, to date, the

Defendant has not provided any documentation. Defendant has violated the mandatory FOIA

deadlines by failing to either respond to the Plaintiff's request within the 20-business day time

limit or disclose the requested documents. The Plaintiff now asks the Court to order Defendant to

respond to the request and to disclose all responsive records improperly withheld.

## PARTIES

1.      Plaintiff Steven A. Brown is a citizen and national of the United States. Plaintiff Steven

Brown maintains an office in Houston, Texas.

2.      Defendant USCIS is a federal agency within the U.S. Department of Homeland Security

that enforces federal laws over immigration benefits. Defendant USCIS is the custodian of the

records sought in the FOIA request. USCIS is headquartered at One Capital Gateway Drive,

Camp Springs, Maryland, 20746.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B).

4.      This Court also has jurisdiction over this action as a federal question under 28 U.S.C. §

1331.

5.      This Court has the authority to grant declaratory relief pursuant to the Declaratory

Judgment Act, 28 U.S.C. § 2201 et seq.

6.      Venue is proper in this District over all claims involving the Freedom of Information Act.

5 U.S.C. § 552(a)(4)(B)

## STATUTORY FRAMEWORK

7.      FOIA promotes open government by providing every person with a right to request and

receive federal agency records. 5 U.S.C. § 552(a)(3)(A).

8.      In furtherance of its purpose to encourage open government, FOIA imposes strict

deadlines on agencies to provide responsive documents. 5 U.S.C. § 552(a)(6)(A).

9.      An agency must comply with a FOIA request by issuing a determination within 20

business days after receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).

10.     The determination "must at least inform the requester of the scope of the documents that

the agency will produce, as well as the scope of the documents that the agency plans to withhold

under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election*

*Comm'n*, 771 F.3d 180, 186 (D.C. Cir. 2013).

11.     An agency may be entitled to one ten-day extension of time to respond to a request if it

provides written notice to the requester explaining that "unusual circumstances" exist that

warrant additional time. 5 U.S.C. § 552(a)(6)(B).

12.     An agency shall make available a FOIA public liaison to aid the requestor in limiting the

scope of the request so that it may be processed within the statutory time limit. 5 U.S.C. §

552(a)(6)(B)(ii).

13.     An agency must immediately notify the requester of its determination whether to comply

with a request, and the reasons for it, and of the right of such person to appeal an adverse

determination. 5 U.S.C. § 552(a)(6)(B)(ii).

14.     An agency's failure to comply with any timing requirements is deemed constructive

denial and satisfies the requester's requirement to exhaust administrative remedies. 5 U.S.C. §

552(a)(6)(C)(i).

15.     A FOIA requester who exhausts administrative remedies may petition the court for

injunctive and declaratory relief from the agency's continued withholding of public records. 5

U.S.C. § 552(a)(4)(B).

**FACTS**

16.     On March 21, 2023, Plaintiff filed a request through the Defendant's online FOIA request

program ("the Request"). Plaintiff was issued control number COW2023001906. *See* **Exhibit A.**

17.     The request sought information relating to the FY 2024 H-1B pre-registration that ran

from March 1 to March 20, 2023 and specifically requested the following information:

        a.   The name of all entities that filed in the H-1B pre-registration

        b.   The number of registrations each company made in the H-1B pre-registration

        c.   The number of duplicate filings USCIS detected

        d.   The number of individuals with the same passport that were submitted in the pre-registration multiple times.

18.     USCIS is an "agency" within the meaning of 5 U.S.C. § 552(f)(1) and therefore must comply with the nondiscretionary statutory requirements of FOIA.

19.     To date, USCIS has not provided any response to the Request.

20.     USCIS's online case status check does not even show an estimated completion date, but only that Plaintiff is request number 200 out of 245 pending. It stands to reason that the defendant has no intention of complying with the FOIA statutory deadlines. *See* **Exhibit B.**

21.     In the USCIS system for tracking FOIA requests, the Defendant lists an estimated completion date of December 21, 2020.

22.     The statutory deadline for USCIS to respond to the Request passed on April 24, 2023 with no response.

23.     As of the filing of this Complaint, Defendant has not produced any responsive documents. USCIS has not objected to the Request nor provided any detailed information regarding specific circumstances preventing the disclosure of the records sought.

24.     Where Defendant has failed to provide any substantive responses to the Request within the statutory timeframe, it has constructively denied the Request. As such, the Plaintiff has exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

25.     The Plaintiff has a legal right to the requested records. Defendant has improperly withheld those records, forcing the Plaintiff to file suit to enforce its rights under FOIA.

26.     The Plaintiff has a compelling and immediate need for the information requested.

27.     Given the high number of filings in the FY 2024 lottery, USCIS has threatened

employers with criminal prosecution. It is important for H-1B petitioners to be aware of this

information to know if their company has been flagged or may be flagged even without their

knowledge of violating any statute or regulation. This data would show whether or not they are

in jeopardy of facing immigration consequences without their knowledge and allow them to

prepare ahead of time.

## FIRST CAUSE OF ACTION
### (Failure to Respond to Request Within Statutory Timeframe)

28.     The Plaintiff alleges and incorporates the foregoing paragraphs as if set forth in full.

29.     Plaintiff filed a FOIA Request with the Defendant on March 21, 2023.

30.     USCIS has unlawfully withheld such documents.  5 U.S.C. § 552(a)(6)(A)(i).

31.     Plaintiff is entitled to an order compelling USCIS to provide all of the requested

documents.  5 U.S.C. § 552(a)(4)(B).

32.     Plaintiff is entitled to reasonable attorney's fees and costs even if USCIS settles this

claim by producing the documents during litigation.  5 U.S.C. § 552(a)(4)(E)(i).

## SECOND CAUSE OF ACTION
### (Failure to Produce Responsive Records)

33.     The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth in full.

34.     Defendant failed to make reasonable efforts to search for records responsive to the

Request, in violation of the Plaintiff's rights under FOIA, including but not limited to 5 U.S.C. §

552(a)(3).

35.     Defendant failed to disclose and produce any records responsive to the Request, in

violation of the Plaintiff's rights to those records under FOIA, including but not limited to 5

U.S.C. § 552(a)(3)(A).

36.     Defendant failed to disclose and produce records responsive to the Request without a

legal basis for withholding such records, in violation of FOIA, including but not limited to 5

U.S.C. §§ 552(a)(3)(A) and (6)(A).

37.     The Plaintiff is entitled to its reasonable attorneys' fees and costs under 5 U.S.C. §

552(a)(4)(E).

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests that this Court:

38.     Expedite its consideration of this action pursuant to 28 U.S.C. § 1657;

39.     Find that Defendant's failure timely to respond or disclose records was unlawful;

40.     Order Defendant to search for and promptly disclose all records responsive to the

Plaintiff's Request; and

41.     Award the Plaintiff's attorneys' fees and costs.

June 6, 2023                              Respectfully Submitted,

                                         s/Brad Banias
                                         BRAD BANIAS
                                         Banias Law, LLC
                                         Post Office Box 20789
                                         Charleston, SC 29413
                                         843.352.4252
                                         brad@baniaslaw.com

                                         Attorney for the Plaintiff